# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1121V
Filed: October 7, 2025

```
* * * * * * * * * * * * *   *
HEATHER ADAMS,                *
                             *
           Petitioner,        *
v.                           *
                             *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                             *
           Respondent.        *
* * * * * * * * * * * * *   *
```

*Leah V. Durant, Esq.*, Law Offices of Leah V. Durant, PLLC, Washington, D.C., for petitioner.
*Alexis B. Babcock, Esq*., U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 21, 2017, Heather Adams filed a petition for compensation under the National Vaccine Injury Compensation Program[2] alleging that she developed Guillain-Barré syndrome as a result of the influenza ("flu") vaccine she received on November 8, 2016. Petition, ECF No. 1.

A Ruling on Entitlement issued on July 23, 2024. ECF No. 67. Following this, the Court issued its Decision adopting the parties' proffer on damages on November 20, 2024. ECF No. 74. Petitioner then filed the present Motion for Attorneys' Fees and Costs on April 24, 2025. ECF No. 80. Petitioner requests a total of **$75,405.17,** representing $66,284.90 in attorneys' fees and $9,120.27 in costs. Respondent filed his response on May 7, 2025, noting that the statutory

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.
[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

requirements for attorneys' fees had been met and deferring to the Court's judgment. ECF No. 81. Petitioner filed a reply that same day. ECF No. 82.

For the reasons set forth below, petitioner's Motion for Interim Fees is **GRANTED IN PART**.

## I.    Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.    Discussion

### A.  Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Hum. Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.

*McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following rates on behalf of Ms. Durant: $350 for work performed in 2016; $365 for 2017; $377 for 2018; $380 for 2019; $395 for 2020; $420 for 2021; $441 for 2022; and $550 for 2025. Ms. Durant did not bill any hours personally for 2023 or 2024. The rates requested for Mr. Milmoe[4] are: $484 for 2020; and $509 for 2021. The rates requested for Mr. Amada[5] are: $400 for 2021; $441 for 2023; $463 for 2024; and $495 for 2025. Finally, petitioner requests the following rates on behalf of the paralegals who worked on her case: $145 for 2017; $150 for 2018 and 2019; $160 for 2020; $165 for 2021; $173 for 2022; $181 for 2023; $190 for 2024; and $203 for 2025. With one exception, the requested rates have been awarded in prior cases. *See, e.g., Banks v. Sec'y of Health & Hum. Servs.*, No. 22-1206V, 2025 WL 776410, at *1 (Fed. Cl. Spec. Mstr. Feb. 14, 2025); *Davis v. Sec'y of Health & Hum. Servs.*, No. 16-276V, 2025 WL 1453258, at *2 (Fed. Cl. Spec. Mstr. Apr. 8, 2025; *Buck v. Sec'y of Health & Hum. Servs.*, No. 21-2246V, 2025 WL 2603110, at *1 (Fed. Cl. Spec. Mstr. Aug. 14, 2025; *Rosenkranz v. Sec'y of Health & Hum. Servs.*, No. 22-669V, Slip Op. 45 (Fed. Cl. Spec. Mstr. July 31, 2025).

Earlier this year, Ms. Durant was awarded the rate of $530 per hour for hours billed during 2025. *Buck*, 2025 WL 2603110, at *1; *Dietrich*, 2025 WL 2505653, at *2. Longstanding standard practice in the Program is to decline to adjust attorney fee rates upwards when a previous rate has been set for the calendar year. *See Dietrich*, 2025 WL 2505653, at *2 (citing *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023)). Thus, Ms. Durant's fee rate for 2025 will be adjusted to $530 per hour.

## C.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Hum. Servs.*, 129 Fed. Cl. 691, 703 (2016).

---

[3] The 2015-2025 Fee Schedules can be accessed at https://www.cofc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Hum. Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] There are several billing entries for "MM," whose identity petitioner fails to address. The Court takes "MM" to reference Michael Milmoe, a partner with the Law Offices of Leah V. Durant. In future, petitioner is reminded to identify all attorneys for whom fees are requested so the Court may determine a reasonable rate.

[5] Likewise, there are several billing entries for "RA," whose identity is not readily apparent from petitioner's filing. The Court takes "RA" to reference Richard Amada, an attorney with the Law Offices of Leah V. Durant.

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Hum. Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Hum. Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the billing records, I find that the hours billed are reasonable. Ms. Durant's reduction of her fee rate for 2025 from $550 to $530 requires a downward adjustment of $70.

Thus, I award $66,214.90 in attorneys' fees.

## D.    Reasonable Costs

Petitioner requests a total of $9,120.27 in costs. ECF. No 80 at 1. The costs are associated with medical records requests, medical review, postage, and the filing fee. These costs are routinely awarded in vaccine cases and are supported by the receipts filed. Thus, they are awarded in full.

The remaining costs are associated with petitioner's expert. Petitioner requests a total of $5,875 for Dr. Hoke, who charged at an hourly rate of $500 for 11.75 hours of work to prepare three reports. Dr. Hoke's hourly rate is consistent with what he has been awarded in the past and is reasonable. *See Smith v. Sec'y of Health & Hum. Servs.*, No. 14-848, 2019 WL 549040, at *3 (Fed. Cl. Spec. Mstr. Jan. 22, 2019) (citing *Hudson v. Sec'y of Health & Hum. Servs.*, No. 15-114V, 2016 WL 3571709, at *6 (Fed. Cl. Spec. Mstr. June 3, 2016)). I also find the hours spent to be reasonable and adequately documented. Thus, the costs associated with Dr. Hoke are awarded in full.

Thus, petitioner is awarded $9,120.27 in costs.

## IV. Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED IN PART.** Accordingly, I award a total of **$75,335.17,** representing $66,214.90 in attorneys' fees and $9,120.27 in costs, **to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** The clerk shall enter judgment accordingly.[6]

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master